**In the Matter of Isaac SILVERMAN, Bankrupt.**

**Bankruptcy No. 79 B 2988.**

United States Bankruptcy Court, S.D. New York.

Oct. 26, 1982.

Jeffrey L. Sapir, Yonkers, N.Y., for trustee.

Weil, Gotshal & Manges, New York City, for Leucadia, Inc.

Baskin & Sears, P.C., New York City, for 122–24 East 25th St. Corp.

Judah Dick, Asst. Corporation Counsel, New York City, for the City of New York.

## DECISION ON APPLICATION OF TRUSTEE FOR APPROVAL OF SETTLEMENT.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of Isaac Silverman, the bankrupt in this case, seeks an order approving a proposed compromise and settlement which divides the proceeds of an *in rem* foreclosure sale among the trustee in bankruptcy, the City of New York and a first mortgagee known as 122–24 East 25th Street Corporation ("122 Corp."), a corporation of which the bankrupt is president, his wife was the former president and his son is in possession of all the books and records.

The original petition under Chapter XII of the former Bankruptcy Act was filed with this court on December 23, 1977. The bankrupt listed as an asset all of the shares of stock in a corporation called Grand-White Realty Corp., that purportedly owned a loft building located at 122–24 East 25th Street, New York City. However, at that time, the bankrupt did not claim title to the building. On July 6, 1977, prior to the filing of the Chapter XII petition, the City of New York had commenced an *in rem* foreclosure action against the loft building for unpaid real estate taxes. An *in rem* foreclosure judgment was entered against the building on May 18, 1978. The property was sold for $1,575,000, and after payment of the taxes due New York City, there remained a surplus of approximately $1,300,000.

The 122 Corp., which purports to hold a mortgage against the property claims the surplus to the extent of the mortgage. The City claims the surplus as a windfall under its tax foreclosure sale. The trustee in bankruptcy claims an interest in the proceeds because during the course of the bankruptcy proceeding, in September 1980, the bankrupt produced an unrecorded 1976 deed of the 25th Street property to himself from Grand-White Realty Corp. Accordingly, the trustee in bankruptcy, standing in Silverman's shoes, claims that while the City's foreclosure sale may have wiped out the mortgagee's interest, the City was not authorized to keep the surplus in contravention of the scheme of distribution under the Bankruptcy Act. The City responds that the property owner's right to redeem the property from foreclosure expired on October 5, 1977, before the bankrupt filed his Chapter XII petition, and that the record owner at that time was the bankrupt's corporation, Grand-White Realty Corp. Moreover, the unrecorded deed to the bankrupt was not located until September, 1980. The Chapter XII case was aborted on May 12, 1978 when Silverman was adjudicated a bankrupt. Thus, the City argues that this court lacks jurisdiction over the property.

In accordance with the proposed settlement, the trustee in bankruptcy will receive $225,000 while the City and the mortgagee, 122 Corp., will divide approximately one million dollars remaining after satisfaction of the unpaid taxes. The trustee maintains that the receipt of $225,000 is in the best interest of the estate because: (1) there was some question as to the validity of the belated unrecorded deed in the bankrupt's name; (2) the City's *in rem* foreclosure judgment could wipe out the estate and (3) the mortgagee 122 Corp. claims priority over the unsecured creditors represented by the trustee. In short, the trustee of this otherwise no asset estate considers the $225,000 settlement as a windfall for this estate.

However, Leucadia, Inc., formerly known as James Talcott, Inc., objects to the settlement. Leucadia holds an administration priority claim of $40,000 and a general unsecured claim in excess of six million dollars. Leucadia states that its unsecured claim amounts to 83% of the total unsecured claims against the estate and that Leucadia is the party in interest most concerned by the terms of the proposed settlement. Indeed, Leucadia has offered to fund the trustee's battle to collect the surplus funds remaining after the satisfaction of the unpaid taxes.

Meanwhile, the mortgagee, 122 Corp., had commenced an action against the City in the Supreme Court of the State of New York, County of New York to overturn the City's *in rem* foreclosure judgment. Both the City and Leucadia, who had also been named as a defendant, moved to dismiss the action. A decision favorable to the City would eliminate the mortgagee, 122 Corp., from sharing in the surplus and would result in there being more funds available to the trustee in bankruptcy.

In light of the pending state court determination as to whether the mortgagee has any right to the surplus funds from the tax foreclosure sale it would seem that any settlement proposed in the Bankruptcy Court would be premature.

Accordingly, the trustee's application for approval of the settlement is denied without prejudice until after the state court renders its decision as to the mortgagee's status.

IT IS SO ORDERED.